UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMEX GROUP USA, INC. | |
| Plaintiff, | Civil Action No.: |
| v. | |
| ADVANCE WATCH COMPANY, LTD. | |
| Defendant. | JULY 16, 2008 |

### COMPLAINT

The plaintiff, Timex Group USA, Inc., for its complaint against the defendant, Advance Watch Company, Ltd., alleges as follows:

### THE PARTIES

1. The plaintiff, Timex Group USA, Inc. ("Timex"), is a Delaware corporation with a principal place of business located at 555 Christian Road, Middlebury, Connecticut.

2. The defendant, Advance Watch Company, Ltd. ("Advance"), is a Michigan Corporation with a principal place of business located in Long Island City, New York and an office located at 47440 Michigan Avenue, Canton, Michigan. Advance is also known as Geneva Watch Group.

{N0794197}

## JURISDICTION AND VENUE

3. This is an action for violation of the Patent Laws of the United States of America, 35 U.S.C. § 1, et seq.; for tradedress infringement in violation of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); and for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a), et seq.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a) and 15 U.S.C. § 1121. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

5. This Court has personal jurisdiction over Advance because, *inter alia*, it: (1) transacts business in this state, (2) engages in infringing conduct in this state, and/or (3) induces others to engage in infringing conduct in this state.

## FACTUAL BACKGROUND

6. On October 7, 2003, the United States Patent and Trademark Office issued U.S. Patent No. D480,317 ("the '317 Patent"). A copy of the '317 Patent is attached hereto as Exhibit A.

{N0794197}                                2

7. Since October 7, 2003, Timex has been the exclusive licensee of the '317 Patent, with the full rights of the owner, including the right to pursue this action.

8. From approximately 2003 to the present, Timex has extensively marketed, promoted and sold a line of women's watches under the marks Timex® IRONMAN® Triathlon® Sleek in the United States.

9. The ornamental design and overall appearance of the Timex® IRONMAN® Triathlon® Sleek watches is inherently distinctive and/or has acquired secondary meaning in the relevant marketplace and is not functional. Exhibit B depicts a representative sample of Timex's watches.

10. Advance currently imports, offers for sale and sells a line of watches under the mark Athletic Works®. Exhibit C depicts a representative sample of the Athletic Works® watches.

11. Advance also currently imports, offers for sale and sells a line of watches under the mark PROSPIRIT. Exhibit D depicts a representative sample of the PROSPIRIT watches.

### COUNT ONE: DESIGN PATENT INFRINGMENT

1-11. Paragraphs 1 through 11 are hereby incorporated by reference as if fully set forth herein.

12. As a result of Advance's import, offering for sale and/or sale of the Athletic Works® watches, Advance has directly infringed and continues to directly

infringe the '317 Patent in violation of 35 U.S.C. § 271(a). Advance, by its actions, also actively induces infringement of the '317 Patent in violation of 35 U.S.C. § 271(b).

13. As a result of Advance's import, offering for sale and/or sale of the PROSPIRIT watches, Advance has directly infringed and continues to directly infringe the '317 Patent in violation of 35 U.S.C. § 271(a). Advance, by its actions, also actively induces infringement of the '317 Patent in violation of 35 U.S.C. § 271(b).

14. Timex will suffer irreparable harm if this Court does not enjoin Advance under 35 U.S.C. § 283 from directly and indirectly infringing the '317 Patent.

15. Timex has suffered harm as a result of Advance's infringing conduct and is entitled to an award of damages pursuant to 35 U.S.C. § 284 and § 289.

16. Advance is guilty of willful infringement entitling Timex to the recovery of treble damages pursuant to 35 U.S.C. § 284.

17. This is an exceptional case entitling Timex to the recovery of its attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT TWO: TRADEDRESS INFRINGEMENT

1-11. Paragraphs 1 through 11 are hereby incorporated by reference as if fully set forth herein.

{N0794197}                                4

12. Advance has copied the ornamental design and overall appearance of the Timex® IRONMAN® Triathlon® Sleek watches.

13. Advance's copying of the ornamental design and overall appearance of Timex's watches was intended to cause, and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Advance's watches with Timex, or as to the origin, sponsorship, or approval of Advance's watches by Timex, and constitutes a false or misleading representation as to the source or sponsorship of the products or a false designation of origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

14. Advance's actions purposefully trade on, misappropriate and wrongfully reap the benefit of the goodwill and reputation that have attached to Timex's tradedress rights.

15. The acts and conduct of Advance constitute willful and deliberate infringement of Timex's tradedress rights.

16. As a result of Advance's infringing conduct, Timex has suffered damages, including, *inter alia*, a diversion of trade, lost profits, and diminishment of goodwill.

17. The aforesaid conduct of Advance has caused irreparable injury to the business and goodwill of Timex and will continue to cause irreparable harm to Timex unless enjoined by this Court.

### COUNT THREE: UNFAIR AND DECEPTIVE TRADE PRACTICES

1-17. Paragraphs 1 through 17 are hereby incorporated by reference as if fully set forth herein.

18. Advance is a "person" within the meaning of Connecticut General Statutes § 42-110a(3).

19. The acts of Advance, alone and/or in combination, constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade and commerce in violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a), et seq.

20. As a result of the unfair or deceptive acts or practices of Advance, Timex has suffered an ascertainable loss and is entitled to the recovery of consequential and punitive damages and an award of attorneys' fees, pursuant to § 42-110g of the Connecticut General Statutes.

21. Advance's unfair and deceptive actions and practices have caused and will continue to cause irreparable harm to Timex, unless enjoined.

22. Timex has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Timex prays for the following:

1. An Order enjoining Advance, and those in active concert or participation with it, from importing, marketing, distributing, offering for sale and selling any products that infringe the '317 Patent, including, but not limited to, watch designs exemplified by the Athletic Works® and PROSPIRIT watches.

2. An Order enjoining Advance and those in active concert or participation with it, from importing, marketing, distributing, offering for sale and selling any products that infringe Timex's tradedress rights, including, but not limited to, watch designs exemplified by the Athletic Works® and PROSPIRIT watches.

3. An Order impounding and/or destroying all infringing watches.

4. An award of money damages pursuant to 35 U.S.C. § 284, 35 U.S.C. § 289, 15 U.S.C. § 1117, and Conn. Gen. Stat. § 42-110g.

5. Multiple damages pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117.

6. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g, for its unfair trade practices.

7. An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, and Conn. Gen. Stat. § 42-110g.

8. Prejudgment Interest.

9. Such other relief as this Court deems just and proper.

## JURY DEMAND

Timex requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
TIMEX GROUP USA, INC.

Date: July 16, 2008

_____
John R. Horvack, Jr.
Federal Bar ct12926
CARMODY & TORRANCE, LLP
195 Church Street
New Haven, CT 06509
Tel: (203) 777-5501
Fax: (203) 784-3199
jhorvack@carmodylaw.com